```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    Docket No. 24-cv-00151
-----------------------------------------------------------X         (JMA)(ARL)
MAROWA FAHMY,

                    Plaintiff,
                                                         ANSWER
        -against-

COUNTY OF SUFFOLK, NEW YORK

                    Defendant.
-----------------------------------------------------------X
```

Defendant COUNTY OF SUFFOLK, by its undersigned counsel, hereby answers the within complaint as follows:

1. Deny knowledge or information sufficient to form a belief.
2. Deny knowledge or information sufficient to form a belief.
3. Denied.
4. Denied.
5. Admitted as to the nature of the action, but otherwise denied.
6. Deny knowledge or information sufficient to form a belief.
7. Admitted.
8. Admitted.
9. Admitted.
10. Admitted.
11. Admitted.
12. Denied.
13. Deny knowledge or information sufficient to form a belief.
14. Deny knowledge or information sufficient to form a belief.

15. Deny knowledge or information sufficient to form a belief.
16. Deny knowledge or information sufficient to form a belief.
17. Deny knowledge or information sufficient to form a belief.
18. Deny knowledge or information sufficient to form a belief.
19. Deny knowledge or information sufficient to form a belief.
20. Denied.
21. Deny knowledge or information sufficient to form a belief.
22. Deny knowledge or information sufficient to form a belief; questions of law are referred to the Court.
23. Deny knowledge or information sufficient to form a belief; questions of law are referred to the Court.
24. Deny knowledge or information sufficient to form a belief; questions of law are referred to the Court.
25. Deny knowledge or information sufficient to form a belief; questions of law are referred to the Court.
26. Deny knowledge or information sufficient to form a belief; questions of law are referred to the Court.
27. Deny knowledge or information sufficient to form a belief.
28. Deny knowledge or information sufficient to form a belief.
29. Deny knowledge or information sufficient to form a belief.
30. Deny knowledge or information sufficient to form a belief.
31. Deny knowledge or information sufficient to form a belief.
32. Deny knowledge or information sufficient to form a belief.
33. Deny knowledge or information sufficient to form a belief.
34. Deny knowledge or information sufficient to form a belief.
35. Deny knowledge or information sufficient to form a belief.
36. Deny knowledge or information sufficient to form a belief.
37. Deny knowledge or information sufficient to form a belief.
38. Deny knowledge or information sufficient to form a belief.

39. Deny knowledge or information sufficient to form a belief.
40. Deny knowledge or information sufficient to form a belief.
41. Deny knowledge or information sufficient to form a belief.
42. Deny knowledge or information sufficient to form a belief.
43. Deny knowledge or information sufficient to form a belief.
44. Deny knowledge or information sufficient to form a belief.
45. Deny knowledge or information sufficient to form a belief.
46. Deny knowledge or information sufficient to form a belief.
47. Deny knowledge or information sufficient to form a belief.
48. Denied.
49. Deny knowledge or information sufficient to form a belief.
50. Deny knowledge or information sufficient to form a belief.
51. Questions of law are referred to the Court.
52. Denied.
53. Denied.
54. Denied.
55. Admitted.
56. Admitted.
57. Admitted.
58. Defendant repeats and realleges each and every response set forth hereinabove as if fully set forth herein.
59. Admitted.
60. Admitted.
61. Deny knowledge or information sufficient to form a belief.
62. Admitted.
63. Questions of law are referred to the Court.
64. Deny knowledge or information sufficient to form a belief; questions of law are referred to the Court.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Defendant repeats and realleges each and every response set forth hereinabove as if fully set forth herein.

71. Admitted.

72. Questions of law are referred to the Court.

73. Questions of law are referred to the Court.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Defendant repeats and realleges each and every response set forth hereinabove as if fully set forth herein.

79. Admitted.

80. Denied.

81. Denied.

82. Defendant repeats and realleges each and every response set forth hereinabove as if fully set forth herein.

83. Denied.

## **AFFIRMATIVE DEFENSES**

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE FOR COMPLIANCE WITH THE REQUIREMENTS OF THE FREE EXERCISE CLAUSE AND THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT ("RLUIPA")

Plaintiff's claims are barred, in whole or in part, because the policy described herein does not substantially burden the exercise of religion; or, is in furtherance of a compelling governmental interests, including but not limited to governmental interest in identifying prisoners, health and safety, and promoting the orderly

4

operations of a law enforcement facility; and, the policy at issue reflects the least restrictive means of furthering that compelling governmental interest.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE FOR FAILURE TO REQUEST AN ACCOMMODATION

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to sufficient request a religious accommodation at the time of the alleged violation.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE OF GOVERNMENTAL DISCRETION

Plaintiff's claims are barred, in whole or in part, because the policies herein are consistent with the express requirements of RLUIPA, 42 USC § 2000cc-3(e), in that they preserve governmental discretion and contain an exception from the policy or practice for applications that substantially burden religious exercise, or by any other means that eliminates the substantial burden.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE OF FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Plaintiff's claims are barred, in whole or in part, for failure to exhaust available administrative grievance procedures under the Prison Litigation Reform Act, 42 U.S.C.A. § 1997e.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE OF QUALIFIED IMMUNITY

Plaintiff's claims are barred, in whole or in part, because the conduct alleged in the complaint does not violate a clearly established right, involved an exercise of discretion and the Defendants are otherwise entitled to qualified immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE OF FAILURE TO STATE A CLAIM AND/OR SEEKING RELIEF THAT IS NOT AVAILABLE FOR THE CLAIM ASSERTED

Plaintiff's claims are barred, in whole or in part, because the types of relief available for each cause of action are different and not all of the relief requested by Plaintiff is available for every one the causes of action asserted.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE OF LACK OF SUBJECT MATTER JURISDICTION

Plaintiff's claims are barred, in whole or in part, because the Court lacks subject matter jurisdiction over some of the claims asserted and/or should decline to exercise supplemental jurisdiction over such claims.

## DEMAND FOR RELIEF

WHEREFORE, it is respectfully requested that Judgment be entered in Defendant's favor and the claims herein be dismissed in their entirety; together with such other and further relief in Defendant's favor as is deemed just, equitable, and proper.

Dated: February 21, 2024

Respectfully submitted,

DEVITT SPELLMAN BARRETT, LLP

*/s/ Scott Kreppein*
By: Scott Kreppein
50 Route 111, Ste 314
Smithtown, NY 11787
(631) 724-8833